**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-03487-CMA-NYW

SEAN MURTAGH, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

BED BATH & BEYOND INC. and LEVTEX HOLDINGS, LLC,

    Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendants, Bed Bath & Beyond Inc. ("BBB") and Levtex Holdings, LLC ("Levtex"), respectfully move to dismiss Plaintiff's First Amended Complaint (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6), and in support, Defendants state:

**CMA Civ. Practice Standard 7.1D(a) Conferral**. Counsel for Defendants substantively conferred with Plaintiff's counsel by telephone on February 19 and 20, 2020 and again by email regarding the bases for this motion but were unable to reach a resolution. Thus, this motion is opposed by Plaintiff. *See* Feb. 20-21, 2020 email exchange between counsel, copy attached as Exhibit 1, for details on conferral.

### I.    INTRODUCTION

Although neither Plaintiff Sean Murtagh, nor anyone in his family, have been personally injured by a crib bumper pad, Plaintiff filed this lawsuit asserting seven claims that attempt to prohibit the sale of all crib bumper pads that have been manufactured by Levtex or sold by BBB nationwide. Without specifically identifying the

actual product at issue, any aspect of its design, labeling or warnings, or how it poses any risk in its use, the Complaint alleges that the product is unreasonably dangerous. In support, Plaintiff offers nothing but bare conclusory allegations and references third party publications that address crib bumper pads generally, not the product Plaintiff contends he has purchased.

Notwithstanding these deficiencies, Plaintiff purports to assert each of his claims individually and on behalf of two putative classes: (1) a nationwide class consisting of all persons who purchased or owned any crib bumper pads manufactured by Levtex or sold by BBB from 2008 to the present; and (2) a Colorado class consisting of all persons who purchased or owned in Colorado any crib bumper pads manufactured by Levtex or sold by BBB from 2008 to the present.

Plaintiff's Complaint is fatally deficient for four distinct reasons. First, Plaintiff's Colorado Consumer Protection Act ("CCPA") claim, cannot, as a matter of law, be maintained as a class action. The Tenth Circuit has expressly held that because the class action bar in the CCPA is substantive in nature, that limitation cannot be abridged by Rule 23, and the U.S. Supreme Court's decision in *Shady Grove Orthopedic Assoc's, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S. Ct. 1431 (2010) does not hold otherwise.

Second, even if the CCPA claim was not legally deficient (it is), because it sounds in fraud, both it and the Fraud claim, must satisfy the heightened pleading standard under Rule 9(b). The allegations in the Complaint are deficient and fail to allege any fact that comes close to satisfying this standard. Of note, nowhere in the

Complaint does Plaintiff even identify the crib bumper he allegedly purchased, or any representations or statements made in connection with its sale.

Third, Plaintiff also has failed to allege facts necessary to satisfy the pleading standards of Fed. R. Civ. P. 8. The Complaint consists of general and conclusory allegations that merely repeat the legal elements of his claims, without identifying the specific product at issue, alleging any specific defect in or dangerous condition of the unidentified product or providing any factual support for his claims. As such, Plaintiff has failed to plead any claim that is plausible on its face as he is required to do under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

Finally, Plaintiff's claim for "Declaratory Judgment" should be dismissed for the additional reason that it improperly seeks monetary damages and injunctive relief.

## II.   STATEMENT OF THE FACTS

In a single paragraph in his 27-page Complaint, Plaintiff alleges the following, which is taken as true for purposes of this Motion only: On an unidentified day in 2019, he purchased an unidentified set of crib bumpers manufactured by Levtex for his 6-month-old child from an unidentified Bed Bath & Beyond store somewhere in Denver, Colorado. (Compl., ¶ 5). Plaintiff provides no details about any marketing message, packaging, labeling or other materials that he allegedly reviewed prior to his purchase. Nonetheless, he claims that he was "induced to purchase" the crib bumpers because both Defendants "marketed them as a safe crib accessory that serve[s] to protect babies while they sleep." (*Id*.). Plaintiff claims that he attempted to return the crib

-3-

bumpers to an unidentified entity, at some unidentified time, for no identified reason, but the return was rejected (again, by an unidentified entity or person for no identified reason). (*Id*.). Plaintiff alleges no other facts specific to him or to the product he purchased. (*See* Compl.). Further, Plaintiff alleges no personal injuries whatsoever to his child, himself, or anyone else related to the crib bumpers, or otherwise. (*Id*.).

Plaintiff also fails to allege any facts about any alleged defect in the crib bumpers in question. Not only does he fail to identify them by product name or SKU, he does not point to any problem with any aspect of their design or state how they are allegedly defective. Instead, he cites to numerous unscientific articles, statements, and/or "studies" that opine that crib bumpers, in general, should not be used in cribs with sleeping babies.[1]

Based solely on the cited articles related to unidentified crib bumper products, which have not been verified, peer reviewed or otherwise demonstrated to be reliable, Plaintiff claims that the product he purchased also is dangerous in the abstract. He then asserts seven claims for relief:  (1) Violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq*. (Count I); (2) Violation of the CCPA, C.R.S.A. § 6-1-101 *et seq*. (Count II); (3) Breach of Implied Warranty (Count III); (4) Negligence

---

[1] For example, Plaintiff cites a 2007 article (Compl., p. 5, n. 2) regarding voluntary reports of infant deaths to the Consumer Products Safety Commission ("CPSC") and "assessed" 22 types of crib bumpers from an unidentified retail store in St. Louis, Missouri. *See* "Deaths and Injuries Attributed to Infant Crib Bumper Pads," Journal of Pediatrics, 272-73 (Sept. 2007). Although the article identifies numerous aspects of crib bumper design, in general, that may impact their potential to be dangerous (*e.g.*, softness/firmness, thickness, length of fasteners, material used) it does not discuss the specific crib bumpers at issue here, and the Complaint provides absolutely no detail about any aspect of their design or otherwise identifies how they were allegedly flawed.

(Count IV); (5) Unjust Enrichment (Count V); (6) Fraud (Count VI); and (7) Declaratory Judgment (Count VII). (Compl. at ¶¶ 57-70). These claims can be generally grouped into two categories: the fraud-based claims and the warranty claims. At the end of the day, however, Plaintiff's Complaint is nothing more than an opportunistic effort to recover damages from Defendants for a product he has not alleged was defective and which did not injure him or his child.

### III.    LEGAL STANDARDS

Although the Court accepts well-pleaded factual allegations as true in deciding a motion under Rule 12(b)(6), a plaintiff may not rely on mere labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. If a complaint fails to satisfy Rule 8, it "must be dismissed" under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1973-74 (2007). To withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1949 (2009). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this plaintiff* has a reasonable likelihood of mustering factual support for *these claims*." 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis added).

In addition, claims based on fraud, including the CCPA claim, must be pled with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake."); *Hansen v. Auto-Owners Ins. Co.*, 2010 WL 749820 at *2 (D. Colo. Mar. 4, 2010) (holding that CCPA claim "must be pled with particularity pursuant to Fed.R.Civ.P. 9(b)."). In the Tenth Circuit, a complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991). "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006).

Further, a single named plaintiff bringing a putative class action is not excused from the requirement of alleging individual injury. *Sanchez v. Ford Motor Co.*, 2014 WL 2218278, *2 (D. Colo. May 29, 2014). "As a general rule, a putative class representative who does not sufficiently allege individual injury may not seek relief on behalf of himself or any other member of the class.... Hence in order to represent the class, plaintiff must allege and show that he personally has been injured, not that injury has been suffered by other, unidentified members of the class to which he belongs and which he purports to represent." *Id*. (citing *Nero v. American Family Mut. Ins. Co.*, 2013 WL 5323147, at *2 (D. Colo. Sept. 23, 2013).

### IV.   ARGUMENT

#### A.   Plaintiff Cannot Maintain His CCPA Claim as a Class Action

The CCPA expressly excludes from its protections class action claims. Courts in this district have held that the CCPA "expressly excepts the recovery of actual

damages, triple damages, and attorney's fees in class actions and, thus, creates no statutory liability for a defendant in a private class action." *Pearson v. Geico Casualty Company*, 2018 WL 2096348, *9 (D. Colo. May 7, 2018), *aff'd*. 2018 WL 4368667 (Arguello, J.); *Martinez*, 886 F.Supp.2d at 1218–19 (holding that C.R.S. § 6-1-113(2) "limits liability to specified remedies, and expressly states that such remedies are not applicable in class actions. By logical extension, the CCPA creates no statutory liability for a defendant in a private class action."); *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 2015 WL 4036319, at *2–*3 (D. Colo. July 1, 2015) ("a class action for damages under the CCPA is barred"). Injunctive relief also is not permitted under the CCPA in a class action. *Carter v. Amica Mutual Insurance Company*, 2018 WL 3093320, *9-10 (D. Colo. June 22, 2018), *aff'd*., 2018 WL 4368668 (Moore, J.).

Plaintiff attempts to circumvent the CCPA's express class action exclusion by asserting that his claim can proceed as a class action in federal court under the Supreme Court's decision in *Shady Grove Orthopedic Assoc's, P.A. v. Allstate Ins. Co*., 559 U.S. 393, 130 S. Ct. 1431 (2010). Plaintiff is incorrect because, unlike the claim under New York law at issue in *Shady Grove,* it is well established that his CCPA claim under Colorado law is *substantive,* not *procedural.* In *Shady Grove,* the Court considered whether a specific New York law prohibiting the recovery of civil penalties in a class action could proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure. While both the majority opinion and the concurring opinion held that Rule 23 controlled the claim brought under the New York law, the concurring opinion based its decision on its finding that the New York law at issue was *procedural,* not

*substantive,* in nature and held that where a state law enumerates *substantive* rights, Rule 23 "cannot displace a State's definition of its own rights or remedies." *Id.* at 418-19.

Importantly, the Tenth Circuit has expressly adopted the standard articulated in the concurring opinion in *Shady Grove*, *i.e.*, whether the state law at issue is *substantive* or *procedural*, in determining whether or not it is preempted. *See James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011) ("Justice Stevens concurred, and the Tenth Circuit has understood his concurrence to be the controlling opinion in *Shady Grove.*"); *Garman v. Campbell Cnty. Sch. Dist.*, 630 F.3d 977, 983 & n.6 (10th Cir. 2010) ("[W]e look to Justice Stevens' concurrence for guidance on [whether a federal rule or state law governs]."). In turn, courts applying this standard to the CCPA have expressly held "that the class action restriction in the CCPA is *substantive*, not *procedural*, as the restriction on class actions in the CCPA is part of [Colorado's] framework of *substantive* rights or remedies. Accordingly, the state statute controls rather than Fed. R. Civ. P. 23, and the class action restriction is enforceable." *Friedman,* 2015 WL 8479746 at *5 (emphasis added); *In re MyFord Touch Consumer Litig.*, 2016 WL 7734558, *27 (N.D. Cal. Sep. 14, 2016) ("the [class action] limitation applies only to [the CCPA], suggesting it reflects a *substantive* policy judgment as to the area of the law by the legislature, not a rule of *general procedure*") (emphasis added); *Davidson v. Apple, Inc.*, 2018 WL 2325426, at *10-11 (N.D. Cal. May 7, 2018) (same). Because this deficiency is one that cannot be cured, amendment would be futile and Plaintiff's claim for violation of the CCPA should be dismissed with prejudice. *Full Life*

*Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

    **B.    Plaintiff's Fraud Claims Lack the Specificity Required by Rule 9(b)**

Even if Plaintiff's CCPA claim could be maintained as a class action, because it sounds in fraud, it must be pled with specificity. Neither of the two fraud-based claims alleged in the Complaint, Violation of the CCPA (Count II) and Fraud (Count VI), has been properly pled under Rule 9(b). The Complaint provides none of the detail required by Rule 9(b). Instead, it asserts vague and conclusory allegations that offer nothing about the who, what, when, where or how that is required. *Sikkenga*, 472 F.3d at 726-27. Of particular importance here, glaringly absent from the Complaint is any allegation that identifies the product that Plaintiff allegedly bought. This defect is fatal. *See, e.g., Francis v. Mead Johnson & Co.*, 2010 WL 5313540, at *3-6 (D. Colo. Dec. 17, 2010) (analyzing specific product's labeling for adequacy of CCPA claim based on false representation and failure to disclose).

Nowhere in the Complaint does Plaintiff allege that he actually saw or heard any specific "marketing message" or other statement related to the crib bumpers he purchased (*i.e.,* the "what"). The Complaint also is devoid of any detail about the date, time, or place any such statement was allegedly made. In addition, the Complaint fails to identify the person who made any such statement, the writing in which it appeared, or the actual words used. Finally, the Complaint does not plead what material facts, if any, Defendants allegedly omitted, or allege how any such statement or omission misled Plaintiff. Simply put, Plaintiff's conclusory allegations do not set forth, or even attempt to

set forth, the who, what, when, where and how of the alleged fraud or deceptive trade practice that is required under Rule 9. *Sikkenga*, 472 F.3d at 726-27.

Further, as the proposed class representative, Plaintiff must allege facts to show his individual injury and cannot simply claim that some vague assurance of safety was made somewhere at some time to some unidentified class member. *Sanchez*, 2014 WL 2218278 at *2-3 (dismissing claims to the extent based on advertisements seen by some class members but not the named Plaintiff). Thus, Plaintiff's CCPA and fraud claims should be dismissed for failure to meet the Rule 9(b) pleading standards.

### C.  Plaintiff's Warranty-Based Claims Fail to State a Claim.

Plaintiff asserts three warranty-based claims: Violation of the MMWA; Breach of Implied Warranty, and Unjust Enrichment. Since Plaintiff's MMWA claim relates to alleged breaches of the product's implied warranties under state law and there are no allegations that Defendants otherwise failed to comply with the MMWA, Plaintiff's federal claim hinges on his state law warranty claims. *Victorino v. FCA US LLC*, 326 F.R.D. 282, 291 (S.D. Cal. 2018) (*citing Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008) (holding claims under the MMWA "stand or fall with ... express and implied warranty claims under state law.")). Similarly, Plaintiff's unjust enrichment claim is derivative of and based on the allegation that the crib bumpers are "unfit for their stated purpose," and therefore unmerchantable (Compl. at ¶ 115). *See Perez v. Monster Inc.*, 149 F.Supp.3d 1176, 1186 (N.D. Cal. 2016) (holding quasi-contract theory of unjust enrichment was predicated on alleged warranty claim).

Plaintiff's implied warranty claim cites to Colorado's Uniform Commercial Code related to both the implied warranty for a particular purpose (C.R.S. § 4-2-315) and the implied warranty of merchantability (C.R.S. § 4-2-314). (Compl. at ¶¶ 92-93). Under either section, Plaintiff's Complaint is fatally deficient. Under Colorado law, a warranty of fitness for particular purpose "does not arise when a product is purchased for the ordinary purpose for which the device or product is to be used." *Hauck v. Michelin N. Am., Inc.*, 343 F. Supp. 2d 976, 987–88 (D. Colo. 2004) (*citing Weir v. Federal Insurance Company*, 811 F.2d 1387, 1393 (10th Cir. 1987) ("A reason for purchasing a particular product beyond the ordinary reason for selecting that product must be shown in order to give rise to an implied warranty of fitness for a particular purpose."). Here, Plaintiff alleges only that he purchased the crib bumpers to be placed in a crib (Compl. at ¶ 1) and that the ordinary purpose of a crib bumper is to be used in a crib as part of the aesthetic décor of a nursery, often matching other bedding products (*Id*. at ¶ 35). Thus, there can be no implied warranty for a particular purpose related to Plaintiff's purchase because he does not allege that he purchased the crib bumpers for any use other than this ordinary purpose. Moreover, Plaintiff offers no factual allegation that suggests that the unidentified crib bumper he purchased was not fit for the ordinary purpose of being used as part of the aesthetic décor of a nursery.

Similarly, to the extent this claim is based on the allegation that the crib bumper Plaintiff purchased was not merchantable, that too, has not been sufficiently pled. With respect to merchantability, Plaintiff appears to incorrectly assume that an implied warranty that goods are merchantable (C.R.S. § 4-2-314(2)(c)) imposes liability

whenever a good is not exactly what a buyer expected. On the contrary, "[t]he implied warranty of merchantability does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Hughes v. Panasonic Consumer Elecs. Co.*, 2011 WL 2976839, at *22 (D.N.J. July 21, 2011). Here, Plaintiff does not allege any facts related to the design or specific characteristics of the crib bumpers he purchased, much less any facts showing that they lacked a minimum level of quality. The absence of any allegation about any purported defect or non-merchantable quality here is fatal to this claim. *See, e.g., Hauck v. Michelin N. Am., Inc.*, 343 F. Supp. 2d 976, 987 (D. Colo. 2004) (defect in the product is required to support breach of express or implied warranty claims); *Prutch v. Ford Motor Co.*, 618 P.2d 657, 660 (Colo. 1980) (breach of warranty claim requires that defect existed when product came into plaintiff's possession). Therefore, Plaintiff's MMWA, Unjust Enrichment, and Implied Warranty Claims all must be dismissed.

   **D.**  **Plaintiff Fails to State a Claim for Negligence**

Plaintiff's Negligence claim is governed by the pleading requirements of Rule 8 discussed above. Even under the liberal pleading standard of Rule 8, a plaintiff must do more than merely recite the elements of the claim; he must "provide the grounds of its entitlement to relief." *Twombly*, 550 U.S. at 570.

Plaintiff confusingly alleges three separate duties owed by the Defendants related to (1) designing, manufacturing, marketing, labeling and selling the product (Compl. at ¶ 106), (2) timely detecting and addressing major defects (*Id.* at ¶ 107), and (3) disclosing that the crib bumpers were defective and dangerous (*Id.* at ¶ 108). To the

extent any of these alleged duties is based on a purported failure to disclose, there is no claim for negligent concealment under Colorado law. *See Craig Hosp. v. Tyson Foods, Inc.*, 2019 WL 5095737, at *7 (D. Colo. July 22, 2019) (citing *Hildebrand v. New Vista Homes II*, LLC, 252 P.3d 1159, 1167 (Colo. App. 2010) (holding that a negligent misrepresentation claim "must focus on what [defendant] affirmatively represented, not what it failed to disclose"))*; Colo. Coffee Bean, LLC v. Peaberry Coffee Inc., 251 P.3d 9, 31 (Colo. App. 2010)* ("[A]lthough we have concluded that nondisclosure ... could support a fraud claim, our analysis [of the negligent misrepresentation claim] is limited to what [defendant] affirmatively represented, not what it failed to disclose.").

The other bases for Plaintiff's negligence claim fare no better. As described above, Plaintiff has pled no facts—plausible or otherwise—supporting his conclusory allegations that Defendants breached any duty related to the design, manufacture, marketing or sale, or "duty to detect" the undescribed defect (if such a duty exists), with respect to the bumpers he purchased. Indeed, he has not even identified the product.

Significantly, Plaintiff also has failed to allege any damages that he suffered from any alleged breach of any duty related to the design, manufacture or sale of the crib bumpers. Damages are an element of a claim for negligence. *Martinez v. Lewis*, 969 P.2d 213, 217 (Colo. 1998) ("In order to establish a prima facie case for negligence, a plaintiff must show a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and causation, *i.e.*, that the defendant's breach caused the plaintiff's injury."). Plaintiff's failure to allege any damages is also fatal to his negligence

claim. Accordingly, Plaintiff's allegations are "'naked assertions devoid of further factual enhancement" and his negligence claim must be dismissed. *Iqbal*, 556 U.S. at 678.

### E. Plaintiff Fails to State a Claim for Declaratory Judgment.

Plaintiff also asserts a one-paragraph "Declaratory Judgment" claim, that does not seek a declaration of any right or obligation but, instead, appears to seek monetary damages and injunctive relief.[2] (Compl. at ¶ 123). The federal Declaratory Judgment Act, however, does not provide injunctive relief or monetary damages. Rather, it provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. *See also, Conry v. Barker*, 2015 WL 5636405, at *2, n. 9 (D. Colo. Aug. 11, 2015), *aff'd. and adopted*, 2015 WL 5608133 (D. Colo. Sept. 24, 2015) (dismissing declaratory judgment claim seeking monetary damages because "it is unclear what legal theory would support such relief pursuant to the Declaratory Judgment Act."). Plaintiff's claim for a declaratory judgment should, therefore, be dismissed.

### F. Plaintiff's Request for Punitive Damages Should Be Stricken

Plaintiff improperly requests punitive damages in his prayer for relief (Compl. at 26, ¶ 4). A request for punitive damages in an initial pleading is impermissible under

---

[2] To the extent that Plaintiff actually intended to assert a claim for an injunction, he has not pled any facts necessary to state such a claim. "[A] party seeking a preliminary injunction must show: (1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017).

Colorado law. Colo. Rev. Stat. § 13-21-102 (1.5)(a) (emphasis added). Accordingly, Plaintiff's request for punitive damages should be dismissed and stricken from the Complaint. *See Golder Associates, Inc. v. Edge Environmental, Inc.*, 2007 WL 987458, *5 (D.Colo. 2007) (dismissing a premature request for punitive damages based on state law claims under Colo. Rev. Stat. § 13-21-102 (1.5)(a)); *Mrs. Colorado-America, Inc. v. Mrs. Colorado U.S. Pageant*, 2007 WL 496690, at *3-4 (D.Colo. 2007) (same).

## V.   MOST OF PLAINTIFF'S CLAIMS ARE TIME-BARRED

To the extent Plaintiff alleges claims that arose prior to December 20, 2016, they are time-barred. Colo. Rev. Stat. §§ 4-2-725(1), 13-80-101(1)(a) and (c), 13-80-102(1)(a) and (g), and 6-1-115; *Sea-Alis, LLC v. Porter, Inc.*, 2011 WL 318699, at *4 (D. Colo. Jan. 28, 2011); *Phillips v. Carpet Direct Corp.*, 2017 WL 121630, at *10 (D. Colo. Jan. 10, 2017); *XY, LLC v. Trans Ova Genetics, LC*, 2014 WL 4548532, at *3 (D. Colo. Sept. 15, 2014). For the same reasons he has failed to state a claim for fraud, Plaintiff has also failed to state grounds for equitable tolling of any applicable statute of limitations. Fed. R. Civ. P. 9(b); *Sikkenga*, 472 F.3d at 726-27.

## VI.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and all claims stated therein with prejudice.

Dated: February 21, 2020.

                                  Respectfully Submitted,

*s/ J. Lee Gray*
Maureen R. Witt
J. Lee Gray
HOLLAND & HART LLP
6380 S. Fiddlers Green Cir., Suite 500
Greenwood Village, CO  80111
(303)290-1600 (telephone)
(303) 290-1606 (fax)
mwitt@hollandhart.com
lgray@hollandhart.com

Kathyleen A. O'Brien
Carla Wirtschafter
Reed Smith LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067-6078
(310) 734 5200 (telephone)
(310) 734 5299 (fax)
KOBrien@ReedSmith.com
cwirtschafter@reedsmith.com

**Counsel for Defendants**

### CERTIFICATE OF SERVICE

  I hereby certify that on February 21, 2020, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mark A. Smith, Esq.
Caruso Law Firm, P.C.
1325 East Fifteenth Street, Suite 201
Tulsa, Oklahoma 74120
(918) 583-5900 (telephone)
msmith@carusolawfirm.com

Daniel E. Smolen, Esq.
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667(telephone)
(918) 585-2669 (fax)
danielsmolen@ssrok.com

**ATTORNEYS FOR PLAINTIFF**

*s/ Tammy L. Devlin*
HOLLAND & HART LLP